**Margaret J. KENNETH, Plaintiff-Appellee,**

v.

**Paul SCHMOLL, Director, et al., Defendants-Appellants.**

No. 72–1831.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 1973.

Albuquerque, N. M., on the brief), for plaintiff-appellee.

Thomas G. Wilson, Atty., Dept. of Justice (Harlington Wood, Jr., Asst. Atty. Gen., Victor R. Ortega, U. S. Atty., and Walter H. Fleischer, Atty., Dept. of Justice, on the brief), for defendants-appellants.

Before SETH, HOLLOWAY and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Margaret J. Kenneth, a registered nurse, was hired in November 1970 as a nurse at the VA Hospital in Albuquerque, New Mexico. By statute, the initial hiring by the VA of a nurse, as well as a doctor or a dentist, as "additional personnel" under 38 U.S.C. §§ 4104 and 4106 is for a three-year probationary period. On July 24, 1972, the VA advised Kenneth that she would be "separated from the service for failure to qualify and satisfactorily perform the duties of [her] position, effective Saturday, July 29, 1972."

On August 2, 1972, Kenneth filed an action in the district court challenging the procedures that led to her discharge. Thereafter, on August 22, 1972, before answer, following a hearing on what was denominated as an order to show cause, the district court ordered that Kenneth be immediately reinstated to her position as a nurse, with restoration of all rights and privileges from the date of discharge, until she was given a full evidentiary hearing in accordance with the provisions of 38 U.S.C. § 4110. From that injunctive type order which granted Kenneth complete relief, the defendants now appeal. We reverse for the reason that in our view 38 U.S.C. § 4110 does not apply where the employment of a probationary employee under 38 U.S.C. §§ 4104 and 4106 is sought to be terminated. Before considering the statutes with which we are here concerned, we shall first review the chronology out of which the controversy arose.

As indicated, Kenneth was hired as a nurse by the VA in November 1970. On

John P. Eastham, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb,

May 11, 1972, well within the three-year probationary period, Kenneth was notified that the Professional Standards Board would conduct a summary review to determine whether she would be retained in her employment as a VA nurse.[1] On May 18, 1972, Kenneth appeared before the Professional Standards Board and read a prepared statement, which responded to the reasons for possible termination as set out in the aforesaid notice. Out of the presence of Kenneth, the Board heard from other persons concerning Kenneth's performance as a VA nurse, with Kenneth not being afforded the opportunity to confront these persons or to cross-examine them. Kenneth was also denied the opportunity to be represented by counsel at this hearing. Thereafter, on July 24, 1972, Kenneth was advised that her employment would be terminated on July 29, 1972. It was in this setting that Kenneth instituted the present proceeding against Paul Schmoll, director of the VA Hospital in Albuquerque, Charles Still,

personnel officer at the hospital, and Helen Brunner, chairwoman of the Professional Standards Board. Jurisdiction is based on 28 U.S.C. § 1361 and the action is said to be a declaratory judgment proceeding under 28 U.S.C. § 2201.

Section 4104, 38 U.S.C., authorizes the Administrator to appoint such additional personnel, including doctors, dentists and nurses, as he finds necessary for the medical care of veterans.[2]

Section 4106, 38 U.S.C., provides, in essence, that such appointments may be made without reference to civil service requirements after qualifications have been established in accordance with regulations of the Administrator, with the further provision that such probationary appointee shall be separated from the service if the Board should find him or her "not fully qualified and satisfactory." [3]

The regulations promulgated by the Administrator pursuant to § 4106 provide for a so-called summary review

1. The written notice stated that Kenneth was being considered for termination for the following reasons:
 "Reason I—You fail to administer medications safely and according to policy. For example, you used ear medication prescribed for one patient on another patient; you put up incorrect IV fluids which were discontinued by a physician; you have frequently not given medications on time.
 "Reason II—You continue to transcribe doctors' orders incorrectly which is hazardous for the patients.
 "Reason III—You have certified narcotic count without actually counting, which is in direct conflict with hospital policy.
 "Reason IV—You do not respond effectively to emergencies, thus compromising patient care. For example, in the care of the patient following a motorcycle accident, you did not clean the patient of street dirt or dress wounds although he was admitted shortly before midnight, at the beginning of your tour of duty.
 "Reason V—You have been unable to function consistently as a team leader or even a team member due to your poor work organization and ineffective instructions to team members and even

 frequently require assistance to complete your own work."

2. Section 4104, 38 U.S.C., provides, in pertinent part, as follows:
 "There shall be appointed by the Administrator additional personnel as he may find necessary for the medical care of veterans, as follows:
 '(1) Physicians, dentists, and nurses;
 * * *.' "

3. Section 4106, 38 U.S.C., provides, in pertinent part, as follows:
 "(a) Appointments of physicians, dentists, and nurses shall be made only after qualifications have been satisfactorily established in accordance with regulations prescribed by the Administrator, without regard to civil-service requirements.
 "(b) Such appointments as described in subsection (a) of this section shall be for a probationary period of three years and the record of each person serving under such appointment in the Medical, Dental, and Nursing Services shall be reviewed from time to time by a board, appointed in accordance with regulations of the Administrator, and if said board shall find him not fully qualified and satisfactory he shall be separated from the service."

wherein, though the probationary appointee is given notice that his services are unsatisfactory, and the reasons therefor, and may appear personally before the Board or submit a written statement in his behalf, he nonetheless is not permitted to confront adverse witnesses, let alone cross-examine them, nor is he permitted legal representation.

Section 4110, 38 U.S.C., provides, in essence, that a disciplinary board shall be appointed by the Chief Medical Director under regulations prescribed by the Administrator to determine upon notice and "fair hearing" charges of inaptitude, inefficiency or misconduct of any person employed under the provisions of 38 U.S.C., § 4104(1).[4] Regulations promulgated by the Administrator under this particular statute permit an employee to appear personally at the hearing, be represented by counsel, and generally participate in the hearing by cross-examining and presenting evidence in his own behalf.

Counsel for Kenneth reasons as follows:

1. Kenneth was employed pursuant to 38 U.S.C. § 4104;

2. The hearing provided for in 38 U. S.C. § 4110 applies to any person employed under 38 U.S.C. § 4104;

3. Therefore Kenneth is entitled to the fair hearing provided for in § 4110.

The foregoing syllogism, though perhaps appealing in its simplicity, is in reality untenable, mainly because in our view it ignores § 4106. To thus construe the statute under consideration would violate a cardinal rule of statutory construction, namely, that effect should be given to every provision of a statute. Additionally, such construction would be contrary to the legislative history and intent of the statute and contrary to the construction given by the administrative agency charged with carrying out the mandates contained therein. It is on this general basis that we reverse.

Section 4106(b) declares that the appointment of additional personnel "shall be for a probationary period of three years," during which period of time the record of a person thus serving shall be reviewed by a board appointed in accord with regulations promulgated by the Administrator and that if such board shall determine that a probationary employee is not "fully qualified and satisfactory," then the probationary employee shall be "separated from the service." In this connection, the VA views the probationary period as being an extension of the appointment process, which provides the final test of actual performance on the job and which is designed to protect the VA against the retention of individuals who are found in actual practice to be unsuited for permanent employment. In any event, there is most certainly no

4. Section 4110, 38 U.S.C., provides in pertinent part, as follows:

"(a) The Chief Medical Director, under regulations prescribed by the Administrator shall from time to time appoint boards to be known as disciplinary boards, each such board to consist of not less than three nor more than five employees, senior in grade, of the Department of Medicine and Surgery, to determine, upon notice and fair hearing, charges of inaptitude, inefficiency, or misconduct of any person employed in a position provided in paragraph (1) of section 4104 of this title. When such charges concern a dentist, the majority of employees on the disciplinary board shall be dentists.

\* \* \* \* \*

"(d) A disciplinary board, when in its judgment charges are sustained, shall recommend to the Administrator suitable disciplinary action, within limitations prescribed by the Administrator, which shall include reprimand, suspension without pay, reduction in grade, and discharge from the Department of Medicine and Surgery of such person. The Administrator shall either approve the recommendation of the board, approve such recommendation with modification or exception, approve such recommendation and suspend further action at the time, or disapprove such recommendation. He shall cause to be executed such action as he approves. The decision of the Administrator shall be final. \* \* \*."

language in § 4106(b) which suggests to us that a probationary employee is entitled to a full-blown, trial-like hearing, with the right to counsel, right to confront adverse witnesses and cross-examine, before he be "separated from the service." On the contrary, we believe the exact opposite is indicated.

In line with the provisions of § 4106(b), the regulations promulgated by the Administrator to effectuate this particular legislative intent sets up a review board known as the Professional Standards Board, which is authorized, among other things, to conduct a so-called summary review "when summary separation from the service may be justified." Under these regulations, notice is required, which notice is to be "brief, but in sufficient detail so that the employee will clearly understand why his services are considered deficient and/or the nature of the incident involved," with the subject of the hearing permitted to thereafter appear before the Professional Standards Board and make an oral or written statement in his own behalf, though not being permitted to confront and cross-examine witnesses or be represented by counsel.

Certainly, then, these regulations carry out the legislative intent, as we see it, contained in § 4106(b). But all this is changed, says counsel, by the language contained in § 4110. With this suggestion we are not in accord.

Section 4110 provides for the appointment by the Chief Medical Director of a disciplinary board to determine upon notice and "fair hearing" charges of "inaptitude, inefficiency, or misconduct" of any appointed personnel serving in a position provided for in § 4104(1). Pursuant to this particular section of the statute, there has been created by administrative regulation a disciplinary board which, after notice of charges, conducts a "fair hearing," which includes the right to counsel, right to confront adverse witnesses, to cross-examine, and the like. And, again, in our view these regulations carry into effect the legislative intent behind § 4110.

It is quite true that § 4110 declares that its provisions shall apply to "any person employed in a position provided in paragraph (1) of section 4104"; but, in our view, it does not follow that probationary employees are also entitled to that particular type of hearing. To so hold would virtually excise § 4106 from the statute. As indicated, a cardinal rule of statutory construction is that effect should, if possible, be given to every provision of a statute. Parker v. United States, 448 F.2d 793 (10th Cir. 1971), cert. denied, 405 U.S. 989, 92 S.Ct. 1252, 31 L.Ed.2d 455 (1972). When effect is given to both §§ 4106(b) and 4110, it is clear to us that it was the intent of Congress by the words of the statute itself that a probationary employee about to be separated from the service need only be given the summary hearing contemplated by § 4106(b) and as provided by appropriate regulation promulgated pursuant thereto; whereas, an employee with over three years service is to be afforded the "fair hearing" required by § 4110 and provided by appropriate regulation carrying into effect such legislative mandate. Such construction gives effect to § 4106(b), as well as § 4110.

The foregoing squares with legislative intent and the broad legislative purpose behind the entire Act. Without going into great detail, it is obvious to us that in 1945, Congress was concerned about recurring charges that the World War II veterans were not getting satisfactory doctor, dental and nursing care, and to that end, inter alia, authorized the appointment of such additional personnel in those categories as was necessary to make certain that veterans did get satisfactory care, with the proviso that such appointments were to be made without regard to Civil Service requirements. § 4106(a). In this same connection, Congress then expressly authorized that such personnel during their probationary period could be separated from the service if found to be "not fully qualified and satisfactory." To construe the statute in the manner urged upon us by Kenneth would be directly contrary to

the congressional purpose "to free the Veterans Administration from some of the shackles that now, we think, act as an impediment and deterrent to the best medical service."[5]

Additional evidence of legislative intent and purpose are the remarks of Congressman Scrivner to the effect that the disciplinary board provided by § 4110 "will function after the three year probationary period." 91 Cong.Rec. 11663 (1945). In our view, the interpretation which we give these statutes clearly squares with the legislative intent and history.

 Our final matter deserves brief comment. There is certainly no doubt as to the interpretation given this statute by the administrative agency charged with carrying into effect the provisions of the Act. The presence in this court of the several defendants appealing the injunctive order entered by the trial court indicates full well the position of the VA. It is of course a well-settled rule of statutory construction that an administrative construction given a statute by the agency charged with its administration "should be followed unless there are compelling indications that it is wrong." Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 381, 89 S. Ct. 1794, 1802, 23 L.Ed.2d 371 (1969), and Ute Indian Tribe of the Uintah and Ouray Reservation v. Probst, 428 F.2d 491 (10th Cir. 1970), cert. denied, 400 U.S. 926, 91 S.Ct. 189, 27 L.Ed.2d 186 (1970). Furthermore, additional weight should be given an administration where, as here, it is of long standing. CIR v. First Security Bank of Utah, N. A., 405 U.S. 394, 402, 92 S.Ct. 1085, 31 L.Ed.2d 318 note 16 (1972). And the administrative interpretation should be accepted by the courts if it be a reasonable one, even though there might be another interpretation which was itself reasonable. Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), and Unemployment Comm'n v. Aragon, 329 U.S. 143, 153, 67 S.Ct. 245, 91 L.Ed. 136 (1946).

For all these reasons, then, we conclude that the trial court erred in ordering that Kenneth be reinstated until such time as she was afforded the hearing provided for by § 4110 and the regulations promulgated pursuant thereto. The judgment ordering such is reversed and the cause remanded with directions that any further proceedings be in accord with the present opinion.

As concerns possible further proceedings, we are aware that Kenneth has alternatively alleged that she has a constitutional right, as opposed to a statutory right, to a full scale hearing before she is separated from the service. This matter has not yet been considered by the trial court. However, in the interest of bringing the matter to a speedy conclusion, it is the order of this court that there be no hearing as to whether a preliminary injunction could be based on any constitutional ground and the trial court shall forthwith proceed to hear the case on its merits, i. e., the issues raised by the complaint and answer, such determination to, of course, be consonant with the views herein expressed.

---

5. 91 Congressional Record 11658 (1945) (Congressman Allen).