John J. FRANKS, M.D., Plaintiff,

v.

Robert P. NIMMO; U. S. Veterans Administration; T. P. Mullon; Mansell G. Piper; William S. Hammond, M.D.; and Phillip A. Varnak, Defendants.

Civ. A. No. 81-K-1381.

United States District Court, D. Colorado.

Aug. 18, 1981.

Jack Kintzele, Sheila H. Meer, Denver, Colo., for plaintiff.

Nancy E. Rice, Asst. U. S. Atty., Denver, Colo., for defendants.

## ORDER GRANTING PRELIMINARY INJUNCTION

KANE, District Judge.

Plaintiff is the Associate Chief of Staff for Research and Development at the Denver Veterans Administration Medical Center. He began working in this position as a volunteer employee in the late 1960's. In 1971 he became a part-time employee in the same position, his appointment was for one-fourth time. In 1978 his time was increased to one-half time. On July 27, 1980 he was converted from a part-time to a full-time Veterans Administration employee and retained the same position as Associate Chief of Staff for Research and Development.

The dispute in this case began on May 11, 1981 when defendants scheduled a site visit by a committee of three employees of other VA facilities. During a two-day visit the committee members interviewed many VA employees who worked with plaintiff and also interviewed him for an hour and a half. Two weeks later the committee issued a site visit report that centered on plaintiff's ability to perform the administrative aspects of his job. The report recommended that plaintiff be relieved of his administrative duties. On June 10 defendant Hammond requested that plaintiff prepare a draft response to the report. Plaintiff submitted a six-page reply on June 17. Defendant Hammond then told plaintiff that his reply was not suitable because it was too defensive and asked plaintiff to submit another response. Plaintiff declined to do so, stating that he felt his first response was adequate. Defendant Hammond, characteriz-

ing plaintiff's actions as a refusal to prepare a draft response and therefore insubordination, then caused a professional standards board to be convened to review plaintiff's employment. That board is scheduled to convene on August 21, 1981.

The immediate dispute between the parties is plaintiff's employment status. Defendants argue that plaintiff is still in the two-year probationary period that is mandated for new permanent employees by 38 U.S.C. § 4106(b). Plaintiff argues that he was appointed as a permanent, non-probationary employee on July 27, 1980, or alternatively, that defendants determined that he was to serve a one-year probationary period which has now elapsed.[1]

On August 6, 1981 plaintiff filed a complaint, seeking a temporary restraining order, preliminary and permanent injunctions, declaratory judgment and damages. Upon stipulation of the parties, I granted a temporary restraining order on that date. On August 12 through August 14 I heard testimony on plaintiff's motion for preliminary injunction. I now partially grant that motion.

## I. JURISDICTION

■ Defendants argue that this court is without subject matter jurisdiction to hear this case for two reasons. First, they assert that there is no statutory provision vesting this court with jurisdiction. Second, they assert that there is no "case" or "controversy" as required by Article III, section 2 of the U. S. Constitution. I find both of these arguments to be without merit.

28 U.S.C. § 1331(a) vests this court with jurisdiction "of all civil actions wherein the matter ... arises under the Constitution, laws, ... of the United States."[2] The present case centers around the interpretation of 38 U.S.C. § 4106(b) and therefore arises under the laws of the United States.

See *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977). Plaintiff has also produced evidence that his research is being impaired by defendants' activities. I find that the controversy here is "of sufficient immediacy and reality" that the requirements of Article III have been satisfied. See *Preiser v. Newkirk*, 422 U.S. 395, 402, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

■ Defendants also argue that I am without authority to issue a preliminary injunction because plaintiff has not exhausted all available administrative remedies. In support of this argument, defendants point out that the professional standards board has not yet issued a decision and argue that this matter is therefore not ripe for judicial review. Defendants misperceive the scope of the present motion. The preliminary injunction that I issue here does not impermissibly infringe on administrative discretion. I do not consider the merits of the employment dispute. I only determine plaintiff's employment status, so that the defendants will know what procedures they must follow. This case differs markedly from *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). In *Sampson* the district court ordered that the federal defendants reinstate plaintiff in her federal employment. The Supreme Court reversed, finding that the district court's action impermissibly infringed upon administrative discretion. *Id.* at 68–78, 94 S.Ct. at 942–47. The Supreme Court's decision relied on several factors that are not present here. First, plaintiff in *Sampson* was clearly a probationary employee, and therefore not entitled to the additional procedural protections that plaintiff claims here. *Id.* at 80–81, 94 S.Ct. at 948. Second, plaintiff there had not made an adequate showing of irreparable injury. *Id.* at 84–92, 94 S.Ct. at 950–54. By contrast plaintiff

---

1. Plaintiff also argues that defendants are violating his rights guaranteed by the applicable constitutional, statutory and regulatory provisions for probationary employees. Because of my disposition of this motion, I do not need to consider either alternate argument now.

2. The $10,000 minimum does not apply when an agency of the United States is a defendant.

has demonstrated that years of his past research efforts are endangered by defendants' planned actions. Finally, in *Sampson* the district court's remedy on reinstatement infringed on administrative discretion far more than my action here will. I find that this motion is ripe for the limited scope of relief which I grant.

## II. APPROPRIATENESS OF A PRELIMINARY INJUNCTION

In *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980), the court listed the four-part test for determining the appropriateness of a preliminary injunction:

1) substantial likelihood that the movant will eventually prevail on the merits;

2) a showing that the movant will suffer irreparable injury unless the injunction issues;

3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and,

4) a showing that the injunction, if issued, would not be adverse to the public interest.

I will consider each part.

### A. Likelihood of Success on the Merits

Although plaintiff's complaint seeks money damages in addition to a permanent injunction, they are not at issue here. Here the question is whether plaintiff is likely to succeed in obtaining a permanent injunction barring defendants from treating plaintiff as a probationary employee. Chapter 73 of Title 38 of the United States Code provides for two types of VA employment for doctors. Section 4114(a)(1)(A) allows the VA to employ doctors on a part-time basis; section 4104(1) provides for full-time appointments. Section 4106(b) states that full-time appointments shall be for two

years probationary period. The central issue on this motion is whether plaintiff is still in that two years period.

Defendants argue that the requirements of section 4106(b) are mandatory, and therefore that plaintiff is subject to the probationary period no matter what defendants might have represented to him. Plaintiff responds that his conversion from part-time to full-time status should not be treated as a new appointment and, alternatively, that defendants are estopped from now asserting that plaintiff is a probationary employee.

 None of the applicable statutes state which conversions should be subject to two years probation. The applicable regulations likewise do not have any guidelines for determining the probationary period for converted employees.[3] I must therefore look to the purpose of the probationary period. VA Regulations MP–5, pt. II, DM&S Supp. ¶ 403.a states:

> The probationary period is an extension of the appointment process. It provides the final test, that of actual performance on the job. During the probationary period, the employee's conduct, general character traits, and performance in the actual work situation may be closely observed, and he may be separated from the service without undue formality if circumstances so warrant.

It is therefore clear that placing plaintiff on two years probation would not further the purposes of probation. Defendants can hardly argue that they were unfamiliar with plaintiff's job performance when he had performed the same job for the previous nine years. I therefore hold that plaintiff is likely to successfully demonstrate that the two years probation should not be applied to him.

**3.** VA Regulations MP–5, pt. II, DM&S Supp. ¶ 2.21 specifies procedures for conversions. These procedures are directed toward determining whether an employee is qualified for the new appointment and do not give any guidance in determining the duration of probation.

Chapter 4, ¶ 5 of the same regulations states that certain types of service "shall be creditable toward completion of the probationary period." The enumerated types of service do not include plaintiff's part-time employment, but the regulation does not state that credit shall not be given for service not on the list.

■ I further find it likely that defendants will be estopped from claiming that plaintiff is subject to probation. Even if plaintiff should have been subject to the two years probation when he received his full-time appointment, defendants failed to inform plaintiff of this until almost a year after his appointment. When plaintiff was converted to full-time, his change of employment form did not state that he was subject to two years probation. During the ensuing year defendants also failed to follow several procedures that the regulations require them to follow with respect to probationary employees. In particular,

1) Defendant Hammond did not conduct any "supervisory reviews" as required by ¶ 4.05b.(2);

2) Defendants did not prepare a "special proficiency report" at least three months before convening the Professional Standards Board, as required by ¶ 4.05b.(2); and

3) Defendants did not conduct any periodic reviews as required by ¶ 4.05c.

If plaintiff was in fact serving probation, defendants completely failed to convey this information to him, either explicitly, or through their actions.

I find that plaintiff justifiably relied on defendants' actions and representations in assuming that he was a non-probationary employee. Plaintiff also suffered detriment because of defendants' actions. If he had received the required reviews, he could have adjusted his performance to comply with defendants' requests irrespective of their rationality or fairness, and might now not be faced with the threat of dismissal. As has been said in quite another context, defendants cannot unscramble an egg merely by changing dates or codes on their own records. Fundamental fairness would require the plaintiff to receive the benefits as well as the detriments of such a reconstructed probationary plan.

Plaintiff is therefore likely to demonstrate successfully that defendants should be permanently enjoined from treating him as a probationary employee, either under an interpretation of the applicable statutes and regulations, or because defendants are estopped from asserting otherwise.

### B. Irreparable Injury

■ Mere loss of a federal job, with the accompanying loss of income and damage to reputation, is not alone sufficient irreparable injury to allow a preliminary injunction. *See Sampson v. Murray,* 415 U.S. 61, 88–92, 94 S.Ct. 937, 951–54, 39 L.Ed.2d 166 (1974). In this case, however, much more is at stake. Years of plaintiff's highly significant research, which is now promising new breakthroughs, is likely to be jeopardized if defendants are allowed wrongfully to conduct probationary hearings.[4] Because much more is at stake than just income and reputation, I find that plaintiff has demonstrated a sufficient likelihood of irreparable injury that a preliminary injunction is appropriate.

### C. Damage to the Opposing Party and the Public Interest

Defendants have not offered any evidence that they will be damaged if I issue the preliminary injunction. The appropriate review board will still have the first opportunity to evaluate plaintiff's capabilities to perform his present duties. The public interest favors granting the preliminary injunction so that the medical community and the public will still have the opportunity to enjoy the benefits of plaintiff's research which is presently in progress.

I therefore find that plaintiff has established all of the elements required for a preliminary injunction.

### III. BOND

■ F.R.Civ.P. 65(c) requires me to determine the amount of security that is prop-

---

4. Plaintiff testified that the defendants' current activities are having a serious stifling effect on his creativity. Further, defendants admitted that there are currently no other research positions at the Denver VA Center into which plaintiff might transfer. It was said by Einstein that, "Physical concepts are free creations of the human mind, and are not, however it may seem, uniquely determined by the external world." *Evolution of Physics* (1938).

er before issuing a preliminary injunction. Because defendants have offered no evidence that they are likely to suffer harm, I hold that plaintiff does not need to post security. *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 782–83 (10th Cir. 1964). It is

ORDERED that, until further order of this court, the defendants are enjoined from treating plaintiff John R. Franks, M.D., as anything but a non-probationary employee for the purposes of chapter 73 of Title 38 of the United States Code. It is further

ORDERED that this preliminary injunction shall remain in effect until further order of this court. Each party to bear his or its own costs.