**John J. FRANKS, M.D.,**
**Plaintiff-Appellee,**

v.

**Robert P. NIMMO, in his official capacity as U. S. Administrator of Veterans Affairs; U. S. Veterans Administration; T. P. Mullon, in his official capacity as VA Regional Administrator, Midwestern Region; Mansell G. Piper, individually and in his official capacity as Medical Center Director, Veterans Administration Medical Center, Denver, Colorado; William S. Hammond, M.D., individually and in his official capacity as Chief of Staff, VAMC, Denver, Colorado and Philip A. Varneck, individually and in his official capacity as Personnel Officer, VAMC, Denver, Colorado, Defendants-Appellants.**

No. 81–2187.

United States Court of Appeals,
Tenth Circuit.

June 30, 1982.

Rehearing Denied Aug. 18, 1982.

---

Sheila H. Meer, Denver, Colo. (Jack Kintzele, Denver, Colo., with her on the brief), for plaintiff-appellee.

Nancy E. Rice, Asst. U. S. Atty., Denver, Colo. (Robert N. Miller, U. S. Atty., Denver, Colo., with her on the brief), for defendants-appellants.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

This appeal by defendants below, hereinafter jointly referred to as Veterans Administration or VA, is taken from the district court's issuance of a preliminary injunction sought by plaintiff-appellee, John J. Franks, M.D. (Dr. Franks), arising from an administrative proceeding undertaken by VA to determine whether Dr. Franks should be removed from his full-time salaried administrative position as Associate Chief of Staff for Research and Development (ACOS) performed at the VA Medical Center, Denver, Colorado. Dr. Franks convinced the district court, 519 F.Supp. 902, that he is entitled to greater procedural due process than that accorded him by the VA by virtue of his alleged status as a "permanent employee" rather than that of a "probationary employee".

Dr. Franks first joined the staff of the VA Medical Center at Denver, Colorado, in 1969 where he served as part-time Associate Chief of Staff for Research, without compensation. In 1971, he first received compensation for these part-time services on a one-fourth basis, increased to one-half salaried in 1978. The position occupied by Dr. Franks remained part-time until July 27, 1980, when he became salaried on a full-time basis as a result of a mutual agreement between the CU Medical School, the VA Medical Center and Dr. Franks. It was at this point that Dr. Franks received a permanent appointment as a VA doctor pursuant to 38 U.S.C. § 4104[1] and commenced serving the two-year probationary period required by 38 U.S.C. § 4106.[2]

After Dr. Franks assumed the full-time salaried position, *supra*, a group of dissatisfied researchers in the medical center complained to the hospital director about the manner in which Dr. Franks was performing his duties. They asked the director to remedy the situation. The director determined that an in-depth evaluation of the research department should be undertaken, and he requested that a "site visit team" should be called in to evaluate the research

1. 38 U.S.C. § 4104 provides in pertinent part as follows: "There shall be appointed by the Administrator additional personnel as the Administrator may find necessary for the medical care of veterans, as follows:

(1) Physicians, dentists, podiatrists, optometrists, nurses, physician assistants, and expanded-function dental auxiliaries;" . . .

2. 38 U.S.C. § 4106 provides in pertinent part as follows:

"§ 4106. Period of appointments; promotions

(a) Appointments of physicians, dentists, podiatrists, optometrists, and nurses shall be made only after qualifications have been satisfactorily established in accordance with regulations prescribed by the Administrator, without regard to civil-service requirements.

(b) Such appointments as described in subsection (a) of this section shall be for a probationary period of two years and the record of each person serving under such appointment in the Medical, Dental, and Nursing Services shall be reviewed from time to time by a board, appointed in accordance with regulations of the Administrator, and if said board shall find him not fully qualified and satisfactory he shall be separated from the service."

department. The site visit team conducted its evaluation. It recommended that Dr. Franks not be retained in his *administrative* position of ACOS which was the only position evaluated. Dr. Franks' work and undertakings as a medical researcher and as a medical instructor were not involved in the evaluation. There was no recommendation that Dr. Franks give up these positions.

Interviews and discussions between Dr. Franks and VA officials failed to effect a satisfactory solution. When Dr. Franks refused to accept terms of a new position, VA officials commenced an administrative process to determine whether Dr. Franks should be removed from his position as ACOS. At the commencement of the administrative proceeding, Dr. Franks had been on a full-time basis for less than one year. As such, the VA treated Dr. Franks as a probationary employee pursuant to 38 U.S.C. § 4106, *supra*. Soon after the administrative process was undertaken, Dr. Franks, in accordance with a VA regulation, was granted 90 days within which to improve his performance in accordance with VA management recommendations. During this 90-day period the management personnel are required to submit a rating report. If the report should be unsatisfactory, it would then be reviewed by an independent professional standards board, whose review would be determinative of further proceedings. At the time that Dr. Franks filed the instant action in the district court, neither the management rating report required within the 90-day period or the review by the independent professional standards board had been completed. Thus, neither had made or submitted any findings or rendered any decisions.

The controversy involving Dr. Franks' status is relevant in relation to the nature of the VA administrative proceedings. The proceeding for termination of a probationary doctor is informal in a procedural sense, whereas the process is formal in relation to termination of a full-time, permanent doctor. Dr. Franks testified in the district

court that he believed he was a permanent, rather than a probationary employee because his official appointment form does not state that he is subject to the two-year probationary period. However, a Mr. Varnak, Chief of Personnel at the medical center, testified that the omission on the form was simply a computer error, and when it was brought to his attention the form was corrected. Furthermore, Mr. Varnak testified that at least two memos were submitted to Dr. Franks dealing with his probationary status. The original form did, however, clearly state that Dr. Franks' appointment to his ACOS position was made pursuant to 38 U.S.C. § 4104, *supra*. The significance of this recital, according to VA, is that medical personnel are employed by the VA either on the full-time, permanent basis authorized under 38 U.S.C. § 4104, *supra*, or the temporary full-time, part-time and without compensation appointments authorized pursuant to 38 U.S.C. § 4014. The latter appointments are "... in addition to personnel described in ... paragraph (1) of section 4104 ..." 38 U.S.C. § 4114(a)(2). In addition to the above statutes dealing with the classification issue, the VA regulations contained in the VA Manual of Procedures spell out prior VA services which may be credited to either diminish or eliminate the two-year probationary period.

The district court's order directed that VA be "... enjoined from treating plaintiff John R. Franks, M.D. as anything but a non-probationary employee for the purposes of Chapter 73 of Title 38 of the United States Code." [R., Vol. I, p. 23]. The effect of the injunction was to terminate VA administrative proceedings then in progress. This court, however, entered a stay of the district court's injunction pending appeal.

The district court heard evidence on Dr. Frank's complaint, and following arguments of counsel entered the order granting the preliminary injunction on August 18, 1981. It states in pertinent part that:

> ... In support of this argument (that Dr. Franks has not exhausted all available

administrative remedies) defendants point out that the professional standards board has not yet issued a decision and argue that this matter is therefore not ripe for judicial review. Defendants misperceive the scope of the present motion. The preliminary injunction that I issue here does not impermissibly infringe on administrative discretion. I do not consider the merits of the employment dispute. *I only determine plaintiff's employment status, so that the defendants will know what procedures they must follow.* This case differs markedly from *Sampson v. Murray*, 415 U.S. 61 [94 S.Ct. 937, 39 L.Ed.2d 166] (1974). In *Sampson* the district court ordered that the federal defendants reinstate plaintiff in her federal employment. The Supreme Court reversed, finding that the district court's action impermissibly infringed upon administrative discretion. *Id.* at 68–78 [94 S.Ct. at 942–947]. The Supreme Court's decision relied on several factors that are not present here. First, plaintiff in *Sampson* was clearly a probationary employee, and therefore, not entitled to the additional procedural protections that the plaintiff claims here. *Id.* at 80–81 [94 S.Ct. at 948]. Second, plaintiff there had not made an adequate showing of irreparable injury. *Id.* at 84–92 [94 S.Ct. at 950–953]. By contrast plaintiff has demonstrated that years of his past research efforts are endangered by defendants' planned actions. Finally, in *Sampson* the district court's remedy on reinstatement infringed on administrative discretion far more than my action here will. I find that this motion is ripe for the limited scope of relief which I grant. [Emphasis supplied].

[R., Vol. I, pp. 18, 19].

The VA urges that the district court's order should be set aside and the case reversed and remanded with instructions that Dr. Franks be required to exhaust his administrative remedies before seeking judicial relief. The VA contends that the district court erred in (1) entering its order because it lacked jurisdiction inasmuch as Dr. Franks had not exhausted his administrative remedies, (2) basing its findings with respect to the "non-probationary" status of Dr. Franks on an incorrect determination of law, and (3) entering the order which is clearly erroneous and/or the result of an improvident exercise of judicial discretion.

█ We must hold that the district court erred in issuing the preliminary injunction. The record is devoid of any established evidence of detriment to Dr. Franks in terms of his status, salary or performance of duties. To the extent that he may be personally and/or professionally embarrassed by virtue of the administrative proceedings, this is not the type of "injury" justifying the invocation of the "irreparable injury" standard applied in *Lundgrin v. Claytor*, 619 F.2d 61 (10th Cir. 1980), wherein we set forth four distinct prerequisites a moving party must establish, of which a showing that the movant will suffer irreparable injury unless the injunction issues is one. Lack of any such showing relieves us from discussing the other standards. The VA proceedings had not been terminated when the injunction was issued; accordingly, the very outcome of the proceedings was speculative in terms of *any* injury in fact Dr. Franks may suffer. It is our view, then, that since there was no final disposition of the administrative proceedings, they were not the proper subject for judicial review. 5 U.S.C. § 704 provides:

> ... Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

This court read and applied the above statute in *Ryan v. Pitkin Iron Corporation*,

444 F.2d 717 (10th Cir. 1971). We there held that a preliminary injunction should not be issued in relation to action challenging the grant of a Special Use Permit by the Forest Service when an administrative appeal was pending before the Secretary of Agriculture but had not finally been disposed of, particularly where, lacking evidence of irreparable injury, there was no demonstrated need for temporary relief. We there observed:

> ... The plaintiffs assert that under such a millsite location housing is an improper use. This is a challenge to the entry as being contrary to 30 U.S.C. § 42 and the regulations at 43 C.F.R. § 3417.1 (§ 3844.1).
>
> *    *    *    *    *    *
>
> The question is then whether the challenge can be commenced in this manner. (Suit for injunctive relief in the federal district court). We must agree with the trial court that it cannot. Relief must first be sought before the administrative agency concerned.
>
> *    *    *    *    *    *
>
> ... Since there was no final disposition of the administrative proceedings, they were not the proper subject for judicial review. 5 U.S.C. § 704. *Further there is demonstrated no need for temporary relief to plaintiff as no irreparable injury has been shown.* Liberty National Bank & Trust Co. v. Board of Governors of Federal Reserve System, 312 F.2d 392 (10th Cir). [Emphasis supplied].

444 F.2d at pp. 718, 719.

In the instant case, the trial court found that Dr. Franks had demonstrated a sufficient likelihood of irreparable injury:

> Mere loss of a federal job, with the accompanying loss of income and damage to reputation, is not alone sufficient irreparable injury to allow a preliminary injunction. *See Sampson v. Murray,* 415 U.S. 61, 88–92 [94 S.Ct. 937, 951–953, 39 L.Ed.2d 166] (1974). In this case, however, much more is at stake. Years of plaintiff's highly significant research, which is now promising new breakthroughs, is likely to be jeopardized if defendants are allowed wrongfully to conduct probationary hearings. Because much more is at stake than just income and reputation, I find that plaintiff has demonstrated a sufficient likelihood of irreparable injury that a preliminary injunction is appropriate.

[R., Vol. I, p. 22]. [Footnote omitted].

We must hold that the district court erred in finding that Dr. Franks has suffered irreparable injury. The record does not reflect, and in the course of oral argument no contention was advanced, that Dr. Franks' status, duties, salary, or activities have been changed or altered in anywise or that any funds to which he is entitled have been withheld. In a nutshell, Dr. Franks' status is that of "status quo."

The purposes of the doctrine of exhaustion of administrative remedies include avoidance of premature interruption of administrative process, allowing the agency to develop the necessary factual background on which to decide the case, giving the agency a chance to apply its expertise or discretion and possibility of avoiding the need for the court to intervene. *McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Jette v. Bergland,* 579 F.2d 59 (10th Cir. 1978); *Ryan v. Pitkin Iron Corporation, supra.* This is in keeping with the plain language of 5 U.S.C. § 704, *supra.* The dictates of that statute require that judicial review may only be undertaken following "final" agency action. This includes all administrative relief accorded such as appeal to a superior agency authority or petition for agency reconsideration pursuant to the prescribed administrative rules. Generally, then, judicial review is limited to final decisions following the agency's application of its expertise and its steps to correct its own errors in making a proper record, all of which are within the agency's independent administrative process.

■ Intervention by the courts preceding exhaustion of available administrative remedies should be exercised only under circumstances where the facts clearly establish that fundamental rights and interests of the private party are being harmed and cannot be adequately redressed by permitting the administrative process to pursue its course. *McGee v. United States*, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); *McKart v. United States, supra,* 395 U.S. at pp. 194–195, 89 S.Ct. at pp. 1662–1663; *Montgomery v. Rumsfeld*, 572 F.2d 250 (9th Cir. 1978).

The doctrine of "finality" and "exhaustion" are closely intertwined. *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *American Dairy of Evansville, Inc. v. Bergland*, 627 F.2d 1252 (D.C.Cir.1980). The exceptions to these doctrines embrace the principle that judicial intervention is appropriate only when the facts establish that hardship to private parties will constitute irreparable injury. In the case at bar, the district court's predicate for issuance of the injunction was the court's determination of Dr. Franks' employment status as a full time employee ". . . so that the defendants will know what procedures they must follow." This status is, however, at the heart of the issue. In *Kenneth v. Schmoll*, 482 F.2d 90 (10th Cir. 1973), we said:

> . . . It is of course a well-settled rule of statutory construction that an administrative construction given a statute by the agency charged with its administration "should be followed unless there are compelling indications that it is wrong." [citations omitted]. And the administrative interpretation should be accepted by the courts if it be a reasonable one, even though there might be another interpretation which was itself reasonable. [citations omitted].

482 F.2d at p. 95.

In the case at bar, the VA and the district court recognized that the employment status of Dr. Franks involved an application of established facts to interpretation of specific statutes, i.e., 38 U.S.C. §§ 4104, 4106, and 4114, *supra*. It is our view that when the district court, in the course of the instant action, enjoined the VA from treating Dr. Franks ". . . as anything but a non-probationary employee for the purposes of Chapter 73 of Title 38 of the United States Code" that the court impermissibly disrupted the administrative proceedings.

■ We recognize that ultimately the court's finding that Dr. Franks' status should be considered that of a permanent employee rather than a probationary employee may prove to be correct. The problem here and now is that the finding is premature. Federal declaratory judgment procedure, in any guise, should not preempt and prejudge issues committed for initial decision to an administrative body or tribunal. *Public Service Comm. v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952). Again, we stress that there has been no showing that Dr. Franks has or will suffer irreparable injury by virtue of the VA proceedings. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938) teaches that the exhaustion remedy cannot be circumvented by simply asserting that the charge lodged in the administrative complaint is groundless and that, accordingly, the holding of the administrative hearing would result in irreparable injury. The irreparable damage found by the district court in the instant case was that Dr. Franks had ". . . demonstrated that years of his past research efforts are endangered by defendants' planned actions." The finding is, in our view, at best premature. No contention was made at oral argument that Dr. Franks has not at all times during the VA proceedings pursued each and all of the activities, including research efforts, that he has normally pursued. This, then, simply does not meet the measure of a "showing of irreparable injury sufficient in kind and degree" to justify the disruptive effect the grant of injunctive relief will have on the administrative proc-

ess. *Sampson v. Murray*, 415 U.S. 61, 84, 94 S.Ct. 937, 950, 39 L.Ed.2d 166 (1974).

Reversed and remanded with instruction to vacate the preliminary injunction.