Richard R. BARTLETT, Jesus Ontiveros, Virginia Kelch, Richard Gonzales, Lawrence L. Montoya, Michael Duran, and Gerald Schneberger, Plaintiffs-Appellants,

v.

Richard SCHWEIKER, Secretary of the Department of Health and Human Services, Defendant-Appellee.

No. 82–1723.

United States Court of Appeals, Tenth Circuit.

Oct. 21, 1983.

Glenn B. Neumeyer, Las Cruces, N.M. (Norman E. Todd, Las Cruces, N.M., was also on brief), for plaintiffs-appellants.

John S. Koppel, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C. (J. Paul McGrath, Asst. Atty. Gen., and William Kanter, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., and Don J. Svet, U.S. Atty., Albuquerque, N.M., were also on brief), for defendant-appellee.

Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.

HOLLOWAY, Circuit Judge.

Plaintiffs Richard R. Bartlett, Jesus Ontiveros, Virginia Kelch, Richard Gonzales, Lawrence L. Montoya, Michael Duran, and Gerald Schneberger are former or present recipients of social security disability benefits. They brought suit in federal district court in December 1981, alleging that each of them is totally disabled under the definitions of the Social Security Act and that their benefits were wrongfully denied or terminated. They argued that the New Mexico Disability Determination Unit (DDU) was not a valid legal entity because it was not properly created by state statute and had not filed its rules and regulations as required by New Mexico law. *See* N.M. Stat.Ann. § 14–4–5 (1978). They contended that the DDU was without authority to make any disability determinations, and therefore could not form a valid agreement with the Social Security Administration (SSA) under 42 U.S.C. § 421(b). Thus, they argued that any actions by the Secretary of the Department of Health and Human Services (Secretary) in reviewing the DDU's determinations were void. The district court did not reach the merits of plaintiffs' complaint but dismissed for failure to exhaust administrative remedies. We affirm.

I

The sole statutory grant of district court jurisdiction to review a denial of social security benefits by the Secretary is 42 U.S.C. § 405(g) (Supp. V 1981).[1] *See Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975). This section permits an individual to seek judicial review within sixty days of receiving notice of a "final decision" by the Secretary made after a hearing. The final decision requirement is "central to the grant of subject matter jurisdiction." *Id.*

In *Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976), the Supreme Court explained that there are two components to the final decision requirement of § 405(g):

1. However, in *Dockstader v. Miller,* 719 F.2d 327, 329 (10th Cir.1983), we held that mandamus jurisdiction is appropriate when a plaintiff does not seek to establish a right to benefits but simply requests that SSA provide a procedure through which the right to benefits can be contested. Here plaintiffs do not seek to invoke jurisdiction under the mandamus statute.

[The final decision requirement] consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be "waived" by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no "decision" of any type. And some decision by the Secretary is clearly required by the statute.

■ The only issue presented here is whether the exhaustion requirement should be waived.[2] This requirement can be waived in two ways. First, the Secretary may waive it if he is satisfied that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief sought is beyond his power to confer. *Eldridge,* 424 U.S. at 330, 96 S.Ct. at 900; *Salfi,* 422 U.S. at 765–67, 95 S.Ct. at 2466–2467. Second, a reviewing court may find a waiver if a constitutional claim is wholly collateral to the substantive claim of entitlement, and there is a showing of irreparable injury not recompensable through retroactive payments. *Eldridge,* 424 U.S. at 330–31 & n. 11, 96 S.Ct. at 900–901 & n. 11; *see also Franks v. Nimmo,* 683 F.2d 1290, 1295 (10th Cir.1982); *New Mexico Ass'n for Retarded Citizens v. New Mexico,* 678 F.2d 847, 851 (10th Cir.1982); *Martinez v. Richardson,* 472 F.2d 1121, 1125 (10th Cir.1973).

There is no claim by plaintiffs that the Secretary has waived the exhaustion requirement. In his motion to dismiss, the Secretary challenged the complaint on the ground that plaintiffs have failed to exhaust their administrative remedies. Thus,

for plaintiffs to prevail, we must find that a collateral constitutional claim with the threat of irreparable injury has been presented.

■ Assuming, *arguendo,* that plaintiffs assert a substantial due process claim, we find that it is collateral to their substantive claim of entitlement. Plaintiffs do not base their claim on their own eligibility for disability benefits under the social security laws. Instead, they argue that the DDU was without authority to terminate their benefits. However, we conclude that plaintiffs cannot prevail because there was no showing of irreparable injury to them made in the record below.

Plaintiffs contend on appeal that delayed judicial action would cause irreparable injury. They state that

in addition to the financial hardship, these plaintiffs have had medical benefits terminated, and have become unable to treat the physical and mental conditions that caused their disabilities. They will clearly be harmed by the anguish and uncertainty of lengthy, futile administrative reviews. Further, each of these plaintiffs will be required to hire a lawyer to espouse a simple constitutional issue, and to reinstate those benefits which were illegally ceased.

Appellants' Reply Brief at 3.

Despite this claim on appeal, in the district court there were no allegations as to such elements of irreparable harm in plaintiffs' complaint and no such showing was made in their response to the defendant's motion to dismiss and supporting affidavit. Thus, we cannot agree that in the district court the plaintiffs alleged or made a showing of the degree of irreparable harm required under *Eldridge.*[3] They failed to

---

**2.** The jurisdictional element is satisfied in this case. This is apparent with respect to at least six of the seven plaintiffs. The record demonstrates that six plaintiffs, by presenting the Secretary with a claim for benefits, have met the nonwaivable "jurisdictional" element. I R. 24–30. Although the record is incomplete concerning the seventh plaintiff, Virginia Kelch, we need not decide whether she satisfies this element because of our conclusion that plain-

tiffs must exhaust their administrative remedies.

**3.** The record shows the following with regard to each of the plaintiffs:
*Richard R. Bartlett*
Bartlett requested a reconsideration of his disability determination by the DDU, and the SSA affirmed. Bartlett appealed, and an Administrative Law Judge (ALJ) decided that

show below that retroactive payments would not recompense for their injury.

In *Eldridge,* the Supreme Court faced the issue whether an evidentiary hearing is required before disability payments are terminated. The Court noted that termination of disability payments is less likely to cause irreparable injury than would termination of welfare benefits. The Court reasoned that eligibility for disability benefits is not based upon financial need:

> Indeed, it is wholly unrelated to the worker's income or support from many other sources, such as earnings of other family members, workmen's compensation awards, tort claims awards, savings, private insurance, public or private pensions, veterans' benefits, food stamps, public assistance, or the "many other important programs, both public and private, which contain provisions for disability payments affecting a substantial portion of the work force . . . ." *Richardson v. Belcher,* 404 U.S. [78] at 85–87 [92 S.Ct. 254 at 259–260, 30 L.Ed.2d 231] (Douglas, J., dissenting).

*Id.* at 340–41, 96 S.Ct. at 905–906.

There was no record showing here of dependency on payments that allegedly were wrongfully terminated. Plaintiffs thus have failed to show that they will suffer irreparable injury if compelled to exhaust their administrative remedies before seeking judicial relief.[4] The district

---

Bartlett continued to be disabled. SSA currently is processing this case for payment. I R. 24.

*Jesus Ontiveros*

SSA agreed with DDU's determination that Ontiveros was disabled. DDU and SSA affirmed. I R. 25.

*Michael Duran* and *Gerald D. Schneberger*

DDU and SSA determined that Duran's and Schneberger's disabilities are continuing. I R. 26, 27.

*Lawrence L. Montoya*

DDU determined that Montoya's disability had ceased. On appeal, an ALJ decided for Montoya. SSA reinstated Montoya's benefits, and he is in "current pay" status. I R. 28.

*Richard M. Gonzales*

DDU, SSA, and an ALJ determined that Gonzales's disability had ceased. The Appeals Council denied the request for appeal. After Gonzales filed a new application for benefits, DDU and SSA determined that Gonzales was not disabled. I R. 30.

*Virginia Kelch*

Harris Factor, Acting Director of SSA's Office of Regulations, states in his affidavit that the file relating to Virginia Kelch had not been located by members of his staff. I R. 23.

Plaintiffs allege that in accordance with the determination of the DDU, the Secretary has ceased all benefits due each of the plaintiffs. Complaint at 4, ¶ 18. Plaintiffs concede, however, that none of the plaintiffs has had a hearing before an ALJ to review the DDU's determinations. *Id.,* ¶ 19.

4. The Supreme Court in *Eldridge* was not faced with the issue of the applicability of the exhaustion requirement of § 405(g) to a challenge to an agency's jurisdiction. The Court has discussed the application of the exhaustion requirement in other contexts where the requirement is not statutorily imposed when faced with challenges to an agency's jurisdiction before administrative proceedings have been completed. Professor Davis has noted that "the Supreme Court, when administrative jurisdiction is challenged, sometimes imposes the exhaustion requirement and sometimes refuses to do so . . . ." 3 K.C. Davis, *Administrative Law Treatise* § 20.02, at 60 (1958); *see also* 4 *id.* § 26:5, at 431 (2d ed. 1983) ("[T]wentieth century [cases challenging lack of agency jurisdiction without first exhausting administrative remedies] are irreconcilable . . . ."). *Compare, e.g., Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–52 [58 S.Ct. 459, 463–464, 82 L.Ed. 638] (1938) (exhaustion required) *with Public Utilities Commission of Ohio v. United Fuel Gas Co.,* 317 U.S. 456, 468–69 [63 S.Ct. 369, 375–376, 87 L.Ed. 396] (1943) (exhaustion not required).

Professor Davis suggests that these cases can be reconciled by analyzing three factors: (1) the extent of injury from pursuit of administrative remedy; (2) the degree of apparent clarity or doubt about administrative jurisdiction; and (3) involvement of specialized administrative understanding in the question of jurisdiction. 3 K.C. Davis, *supra,* § 20.03, at 69. The Ninth Circuit has specifically adopted this approach. *See, e.g., California ex rel. Christensen v. FTC,* 549 F.2d 1321, 1323 (9th Cir.1977), *cert. denied,* 434 U.S. 876 [98 S.Ct. 227, 54 L.Ed.2d 156] (1977). The Sixth Circuit has also expressed approval of Professor Davis' three factors. *Shawnee Coal Co. v. Andrus,* 661 F.2d 1083, 1093 (6th Cir.1981); *see also Central Hudson Gas & Electric Corp. v. EPA,* 587 F.2d 549, 562–63 (2d Cir.1978) (Feinberg, J., concurring).

Because we have concluded that plaintiffs have not shown that they will suffer irreparable harm by pursuing their administrative remedies, we need not decide whether the *Eldridge*

court therefore correctly dismissed plaintiffs'[5] complaint for failure to comply with the administrative exhaustion requirements of 42 U.S.C. § 405(g).[6]

AFFIRMED.

analysis or the three-factor inquiry should govern here. The same result follows under both tests. As Professor Davis explains, "[w]hen the administrative proceeding involves neither abnormal expense nor other irreparable harm, and when the issue of jurisdiction is either doubtful or dependent upon specialized understanding in the agency's field, requiring exhaustion is normally desirable." 3 K.C. Davis, *supra*, § 20.03, at 69–70. As noted, there was no showing made to the district court that the exhaustion of administrative remedies would cause either abnormal expense or other irreparable harm. Moreover, we cannot say that plaintiffs' challenge is patently valid on its face.

**5.** Plaintiffs assert that they should also be considered as representatives of a class and that the class members' interests should be taken into account. In this connection we note that the complaint *does not* allege that the unnamed class members have presented claims for benefits to the Secretary and thus their claims cannot be reviewed. *Salfi,* 422 U.S. at 764, 95 S.Ct. at 2466.

**6.** The Secretary's motion to dismiss may be viewed as either a Fed.R.Civ.P. 12(b)(1) or 12(b)(6) motion. Because it appears that the district court examined matters outside the pleadings (*e.g.,* the affidavit attached to the Secretary's motion), we treat the district court's ruling as a summary judgment. Fed.R. Civ.P. 12(b). A response to the motion to dismiss was also filed before the court's ruling.